†ELIZABETH FUHER V. CHARLES VILLWOCK ET AL.

REFUSAL TO PERMIT AMENDMENT WHICH DOES NOT WARRANT A REVERSAL—NONSUIT NOT A BAR.

Plaintiff's petition set up a cause of action arising from the use and occupation by defendant of certain lands belonging to the plaintiff. The testimony disclosed the fact that the real cause of action was an agreement on the part of the plaintiff that the defendant might turn his cattle in plaintiff's pasture and that the defendant had agreed to pay such price as was fair and reasonable. *Held:* (1) That plaintiff should have been allowed to amend the petition upon terms but that a refusal to permit an amendment upon any terms was not such an abuse of discretion by the trial court as would warrant a reversal of the judgment. (2) Also, that the judgment of nonsuit is not a bar to another suit upon the real cause of action.

HAYNES, J.

This action was brought in the court of common pleas by the plaintiff in error against the defendant in error, upon a cause of action set forth in the petition that was substantially as follows: "Plaintiff claims judgment against defendants in the sum of $219.65 upon account of rent of sixteen and one-half acres of pasture land, for five years and four months, at $2.00 per month, no part of which has been paid, although requested." It is said that upon the suggestion of the court that that matter could not be a matter of account, that the plaintiff himself voluntarily took leave to file an amended petition, which was as follows:

"Plaintiff claims judgment against defendants in the sum of $219.65, amount due plaintiff from defendants for the use and occupation of sixteen and one-half acres of pasture land for five years and four months, at $2.00 per month, which use and occupation defendants have had under plaintiff, no rent or compensation for which has been paid plaintiff, although requested."

The case came on for trial before a jury and thereupon the plaintiff testified, or rather the husband of the plaintiff testified, that Elizabeth Fuher, the plaintiff, was the owner of this land; that it had been purchased with her monies, and was her property. I should say here, perhaps, that an answer was filed, denying the matters set up in the petition, and setting up that this property was partnership property, and was owned and held by the plaintiff and defendant for partnership purposes; or at least it was used for prosecuting a search for oil wells and the sinking of oil wells—pumping oil—the premises were being developed for oil purposes by the plaintiff and the defendant in partnership, or by the husband of the plaintiff and defendant in partnership; and further, by way of defense, it is set up that there had been a suit in Wood county common pleas court, wherein all the matters between them had been adjusted.

As I have said, to maintain her action, the plaintiff's husband being upon the stand, testified to the ownership, and proceeded to testify as follows:

Q. Tell the jury what, if anything, was said between you and the defendants with respect to the use of this land by the defendants for pasturing stock. A. Mr. Villwock came to me, I guess the next morning after this land was purchased, and asked me if he could pasture his stock on that place; it was handy, right in the corporation—only about eight rods or ten rods from his place of residence. He says, "I will pay you as much as anybody is paying for the land—that is, for pasturing land." So I says, "Mr. Villwock, I guess there will be no objections to it. There is more pasture there than I need, and you can turn yours in." He says, "All right, I will pay you whatever is right—whatever the price is for pasture land."

†Judgment in this case was affirmed by the supreme court, without report, 56 O. S., 751.

That is, in substance, all the testimony there was offered, although there were offers to prove. It was shown, however, that the defendant's cattle ran upon this land for some time, sometimes one or two, sometimes three or four, with the cattle of the plaintiff; that they were salted by the defendant, and looked after to some extent by the defendant; and that Mrs. Villwock herself owned one cow that went in there. It does not appear that she had any conversation about the matter, or said anything about her cow running on the premises. This witness was cross-examined at some length by counsel for the defendant in regard to the matters in question, and the use that was made of the land for the joint use of the parties. It was shown that several wells had been sunk on the premises; that the property had been used and was now being used by the parties jointly for the purpose of developing oil; and that the cattle of the plaintiff and defendant ran in there, and other cattle ran in there, etc. At the conclusion of the plaintiff's testimony, this being substantially all that was offered, the court directed the jury to return a verdict for the defendant, and that upon the ground that the allegations of the plaintiff's amended petition had not been sustained.

During the colloquy that preceded that, or at the close or about the time of the close of the plaintiff's testimony, the plaintiff asked to file a second amended petition, in the following language:

"Now comes the plaintiff, and by way of second amended petition herein, and for cause of action against defendants, says that the defendants are indebted to plaintiff in the sum of $219.65, for the pasturing of certain animals owned by defendants, in the pasture field of plaintiff, at the instance and request of defendants; said animals being pastured therein during the period from the —— day of June, 1887, to the —— day of August, 1892. Plaintiff further says that the value of said pasturage furnished by plaintiff to defendants was fairly worth the said sum of $219.65, no part of which has been paid to plaintiff, although requested."

The court refused to allow that to be filed on any terms. Thereupon some testimony was offered by the defendants, and after the close of this testimony, and some rebutting testimony, the jury were directed by the court to return a verdict in favor of the defendants, on the ground that the testimony offered by the plaintiff upon the allegations of the amended petition disclosed the fact that whatever there was of this transaction was an agreement on the part of the plaintiff that the defendant might turn his cattle in her pasture and crop the herbage, and for that the defendant had agreed to pay such price as was fair, just and reasonable. We think the court was justified in finding that there was a divergence between the testimony that was offered and the allegations of the petition. There is pretty strong ground for saying also that there was a total failure to prove; but placing the matter in the most favorable aspect to the plaintiff, it would amount to a variance. Treating it in that aspect, we think it would have been proper for the court to have allowed them to amend the petition, upon such terms as it should deem reasonable and just. The court declined to do that, and the question that arises is, Whether that would be, upon the assumption of the variance, such an abuse of discretion by the court as would call for the reversal of the judgment? We are all of the opinion that it would not, and that no issue was made here that shows an abuse of discretion, and that the court did not err in refusing to allow the second amended petition to be filed, nor did it err in directing the jury to return a verdict for the defendants.

The question arises as to whether the judgment in this case would be a bar to a future action for pasturing the cattle—that is to say, a bar to the action that is set up in the second amended petition that was offered to the court, for which the plaintiff was refused leave to file. We see no reason to suppose that this judgment would be a bar to a prosecution of the action in that petition.

Upon the consideration of the whole case, therefore, the judgment of the court of common pleas will be affirmed.

*O. S. Brumback*, for Plaintiff in Error.

*C. W. Everett*, for Defendants in Error.